# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **JOSE BARAJAS MURILLO & SUCESORES,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 06 C 1873<br>) |
| **PEPE VEGA, and SONORA PRODUCE,** | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Jose Barajas Murillo & Sucesores' ("Barajas") motion for summary judgment on Count I against Defendant Sonora Produce ("Sonora"). For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

Barajas alleges that it is an agricultural business. In October 2004, Defendant Jose Luis Vega Garcia, who is also allegedly known as Pepe Vega ("Vega"), contacted Barajas as the representative of Sonora to arrange an ongoing agreement under which Barajas would supply Sonora with tomatoes and jalapeños. Vega

1

allegedly entered into a series of purchasing agreements ("Agreements") with Barajas on behalf of Sonora. Barajas claims that starting two days after entering into the first of the Agreements, Barajas began delivering tomatoes and jalapeños to Sonora. According to Barajas, although it received some payments from Sonora for the produce, Sonora has not paid in full the amounts owed. Barajas also contends that some of the checks submitted by Sonora as partial payment were dishonored and returned for insufficient funds. Barajas alleges that Sonora still owes $145,617.84 for produce delivered pursuant to the Agreements. Barajas brought the instant action and includes in its amended complaint breach of contract claims (Count I), quantum meruit claims (Count II), claims alleging violations of the Illinois Deceptive Practices Act, 720 ILCS § 5/17-1 (Count III), claims alleging violations of the Illinois bad check statute, 810 ILCS 5/3-806 (Count IV), and a claim seeking to pierce the corporate veil (Count V). Barajas now moves for summary judgment on the breach of contract claim brought against Sonora (Count I).

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate

the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)).  This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325.  Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).  The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

We first note that on May 4, 2007, we gave Defendants until May 18, 2007 to file an answer to Barajas' motion for summary judgment.  That deadline has passed

and no answer to the summary judgment motion has been filed by either Defendant. Barajas provides a series of facts and figures in its motion and statement of facts detailing the series of transactions that occurred between Barajas and Sonora. Defendants have not raised any objections to question such evidence and we conclude that based on the evidence presented a reasonable trier of fact could not find other than that Barajas is entitled to prevail on the breach of contract claim brought against Sonora. Therefore, we grant Barajas' motion for summary judgment.

## CONCLUSION

Based on the foregoing analysis, we grant Barajas' motion for summary judgment on the breach of contract claim brought against Sonora (Count I). It is not clear whether Barajas intends to dismiss the remaining claims or move for summary judgment on the remaining claims. If Barajas intends to move to dismiss the remaining claims, Barajas should file a motion to dismiss by June 22, 2007. If Barajas does not file a motion to dismiss the remaining claims by June 22, 2007, the parties will be given an opportunity to file summary judgment motions on the remaining claims by June 29, 2007. The answers to any summary judgment motions will be due by July 17, 2007, and the replies will be due on July 24, 2007. The status date set for June 20, 2007, is stricken and reset to August 8, 2007, at 9:00 a.m.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 19, 2007